UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JESSE WHITE,                                08 CV 5014
             PLAINTIFF

  -v-                                     COMPLAINT
                                               [JURY TRIAL DEMANDED]

THE CITY OF NEW YORK, a
municipal entity, NEW YORK
CITY POLICE SERGEANT ROBERT MIRABAL,
Shield # 02252, NEW YORK CITY POLICE
OFFICER ALVIN SOTO, Shield # 25083,
NEW YORK CITY POLICE OFFICERS
"JOHN DOES", all of the identified and non-identified
persons in their individual and in their official capacities,

             DEFENDANTS
_____

## I. INTRODUCTION

   1.  This litigation arises out of the Plaintiff's arrest on August 3, 2007 at or about 7:30 P.M. in the vicinity of 2 Pennsylvania Plaza, New York City, New York and the subsequent detention and incarceration until he was released after his arraignment in Court on August 4, 2007.  Subsequently the Plaintiff returned to Court on October 15, 2007, January 22, 2008 and March 31, 2008.  On the final date, the charges, which had been preferred against the Plaintiff in association with his arrest, were adjourned in contemplation of dismissal.

   2.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, under the laws and Constitution of the State of New York, including retaliation for expressive speech.

   3.  The Plaintiff seeks monetary damages and such other relief, including injunctive relief and declaratory relief [if appropriate], as may be in the interest of justice and as may be required to assure that the Plaintiff secures full and complete relief and justice for the violation of his rights.

## II. JURISDICTION

   4.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 and 1367 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the First, Fourth, and Fourteenth

Amendments to the United States Constitution and the laws and Constitution of the State of New York.

5.  The Plaintiff requests that the Court invoke pendent claim and pendent party jurisdiction.  The State law claims derive from the same occurrence and transaction which gives rise to the federal law claims and they have a common nucleus of operative fact with the federally based claims.

6.  The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, _et_ _seq._, this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

7.  This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States and, as well, as guaranteed under the laws and Constitution of the State of New York.

## III. THE PARTIES

8.  The Plaintiff is an American citizen and was a resident of the City of New York, State of New York, and the County of Queens at the time the cause of action accrued.  He currently resides in the Town of White Salmon, State of Washington, and the County of Klickitat.

9.  The Defendant City of New York is a municipal entity which was created under the authority of the laws and Constitution of the State of New York and which is authorized with, among other powers, the power to maintain a police department for the purpose of protecting the welfare of those who reside in the City of New York.

10.  Defendants Alvin Soto, Shield # 25083, and Robert Mirabal, Shield # 02252, and "John Does" are New York City Police Officers and agents and employees of the City of New York.  Although their actions and conduct herein described were unlawful and wrongful and otherwise violative of the Plaintiff's rights as guaranteed under the laws and Constitution of the United States and of the State of New York, their actions and conduct were taken in and during the course of their duties and functions as New York City Police Officers and as agents and employees of the City of New York and incidental to the otherwise lawful performance of their duties and functions as New York City Police Officers and agents and employees of the City of New York.

IV. ALLEGATIONS

11.  The Plaintiff is Jesse White.

12.  This is a litigation which arises out of the Plaintiff's arrest on August 3, 2007 at or about 7:30 P.M. in the vicinity of 2 Pennsylvania Plaza, New York City, New York and the subsequent dismissal of the charges preferred against the Plaintiff on or about March 31, 2008.

13.  At the time of the incident that has given rise to this litigation, the Plaintiff was a resident of Queens, New York.  Since this event, the Plaintiff has been forced to give up his occupation as a pedicab operator and move out of State.

14.  The Plaintiff's birth date is August 2, 1977.  The Plaintiff is thirty [30] years of age.

15.  The Plaintiff is an American citizen.

16.  The Plaintiff resides at 1110 North Main Avenue, White Salmon, Washington, 98672.  The Plaintiff has resided at this address since approximately April 10, 2008.

17.  The incident, which gives rise to this litigation, commenced on August 3, 2007, where the Plaintiff was operating a pedicab and attempting to drop off a passenger in front of Penn Station.

18.   As the Plaintiff attempted to drop the passenger off by the taxi stand, Officers told him to leave the area and not to drop off the passenger on that spot.

19.  The Plaintiff complied with this request and moved away from the taxi stand and allowed the passenger to exit the pedicab further down the street.  However, the officers came to where the Plaintiff was and issued him a summons for violation of 240.20 (4), disorderly conduct.

20.  After issuing the summons, one officer handed it to the Plaintiff.

21.  When he was handed the summons, the Plaintiff stated in sum and substance to the officer, "why give this to me when we both know the case will be dismissed in Court."  This statement is protected as free speech under the Constitutions of the United States and New York.

22.  In retaliation for making this statement, the officers placed the Plaintiff under arrest and one of them stated in sum and substance, "If you want to see the Judge, then you will see the Judge sooner."

23. The Plaintiff then spent the next 24 hours incarcerated as he was processed as an overnight arrestee, who was only released after he was arraigned, rather than being processed as a summons arrest wherein the Plaintiff would not have spent any time incarcerated.

24. The Plaintiff was fingerprinted as a result of his arrest.

25. The Plaintiff was charged with disorderly conduct.

26. On August 4, 2007, the Plaintiff was arraigned, pled not guilty and was released on his own recognizance. On October 15, 2007, January 22, 2008 and March 31, 2008 the Plaintiff was required to return to Court. On the last date, the charges were resolved with the entry of an A.C.D.

27. The Plaintiff did not engage in disorderly conduct or any other unlawful act as he was simply attempting to drop off pedicab passengers near Penn Station.

28. The Plaintiff committed no criminal offense or other offense whatsoever and no reasonable police officer could have believed that the Plaintiff committed any criminal offense or any other offense under the law to justify his stop, detention, and custodial arrest or the subsequent search to which he was subjected in association with his arrest and detention and imprisonment.

29. If the Plaintiff did commit a criminal offense, the officer had decided the appropriate response to this violation was the issuance of a summons. However, in retaliation for expressive speech, the officer put handcuffs on the Plaintiff, placed him in an official police vehicle, forced the Plaintiff to abandon his pedicab, processed the Plaintiff, fingerprinted him and forced him to stay in jail for approximately 24 hours.

30. While the actions and conduct of the New York City Police Officers were unlawful, they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

31. There was no probable cause for the arrest of the Plaintiff and all conduct associated therewith including the Plaintiff's handcuffing, his frisk search, and his fingerprinting. There was no basis, even, for a stop and detention.

32. The Plaintiff was unreasonably stopped and detained and thereafter falsely arrested and imprisoned and was subjected to excessive, unreasonable and unnecessary force in the form of his handcuffing and was otherwise subjected to an unnecessary and excessive and unreasonable search and fingerprinting.

33. Rather than being released with a Summons or Desk Appearance Ticket, for which the Plaintiff's offense qualified and for which he was otherwise qualified, the Plaintiff was excessively, unnecessarily, and unreasonably detained in custody in lieu of being released.

34. It is believed that the actions and conduct herein described were propelled by the crime offense enforcement initiatives of the City of New York which is grounded in the philosophy of the "ends justifies the means" and/or by the policy of the NYPD to frustrate pedicab operators.

35. This crime offense enforcement initiative and the policy to frustrate pedicab operators propels officers to make arrests where there is no probable cause for such and no basis for the stop and detention of individuals and, by such, to generate arrest statistics and to otherwise make examples of individuals in the hope that such would depress crime offenses and other crime offenses, or frustrate pedicab operators so that they would cease operating their pedicabs.

36. The actions, conduct, custom, policies and practices herein described violated the Plaintiff's rights as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

37. The actions, conduct, policies and practices, and customs violated the Plaintiff's rights under the laws and Constitution of the State of New York, including the stop and detention of the Plaintiff, the false arrest and imprisonment of the Plaintiff, the assault and battery of the Plaintiff [in the form of the handcuffing and the physical actions of taking the Plaintiff into custody], and the search of the Plaintiff, the fingerprinting of the Plaintiff, the excessive detention of the Plaintiff, the malicious prosecution of the claim and the malicious abuse of criminal process employed against the Plaintiff including the retaliatory conduct based on the Plaintiff's expressive speech.

38. The actions, conduct, policies and practices and customs were negligent and otherwise the proximate cause of the injuries and damages suffered by the Plaintiff.

39. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, embarrassment, humiliation, and psychological trauma and physical pain and suffering.

40. In that regard, the Plaintiff was forced to give up his work as a pedicab operator and to move out of New York City and New York State.

41. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

42.  The Plaintiff has no other adequate remedy at law for the violation of his rights but through the commencement of this litigation

## V.  CAUSES OF ACTION

### A.  FIRST CAUSE OF ACTION

43.  The Plaintiff reiterates Paragraph #'s 1 through 42 and incorporates such by reference herein.

44.  The Plaintiff was unlawfully stopped and detained and subsequently falsely arrested, falsely imprisoned and excessively detained in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

45.  The Plaintiff suffered injuries and damages.

### B.  SECOND CAUSE OF ACTION

46.  The Plaintiff reiterates Paragraph #'s 1 through 45 and incorporates such by reference herein.

47.  The Plaintiff was subjected to retaliatory conduct due to expressive and other speech in violation of his rights as guaranteed under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

48.  The Plaintiff suffered injuries and damages.

### C.  THIRD CAUSE OF ACTION

49.  The Plaintiff reiterates Paragraph #'s 1 through 48 and incorporates such by reference herein.

50.  The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the, First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

51.  The Plaintiff suffered injuries and damages.

### D. FOURTH CAUSE OF ACTION

52. The Plaintiff reiterates Paragraph #'s 1 through 51 and incorporates such by reference herein.

53. The Plaintiff was subjected to a search in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

54. The Plaintiff suffered injuries and damages.

### E. FIFTH CAUSE OF ACTION

55. The Plaintiff reiterates Paragraph #'s 1 through 54 and incorporates such by reference herein.

56. The Plaintiff was subjected to excessive, unnecessary and unreasonable force in the form of his handcuffing in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

57. The Plaintiff suffered injuries and damages.

### F. SIXTH CAUSE OF ACTION

58. The Plaintiff reiterates Paragraph #'s 1 through 57 and incorporates such by reference herein.

59. The Plaintiff was subjected to malicious prosecution in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S. C. Section 1983.

60. The Plaintiff suffered injuries and damages.

### G. SEVENTH CAUSE OF ACTION

61. The Plaintiff reiterates Paragraph #'s 1 through 60 and incorporates such by reference herein.

62. The Plaintiff's right of expression and association were inhibited by his stop, detention, custodial arrest and imprisonment in violation of his rights as guaranteed under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

63. The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke any relevant pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:   New York, New York
         May 30, 2008

                 Respectfully submitted,

                 _____//wstecklow//_____
                 WYLIE M. STECKLOW [WS 6012]
                 10 SPRING STREET – SUITE 1
                 New York, New York 10012
                 [212] 566-8000
                 [212] 202-4952/FAX
                 ATTORNEY FOR PLAINTIFF