


THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

KARL J. ASHANTI
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

June 18, 2008

**MEMO ENDORSED**

**By Hand**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 1040
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/08

Re: Jesse White v. City of New York, et al.
    08 CV 5014 (DLC)(KNF)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York in the above-referenced matter. I write to respectfully request an enlargement of time from Thursday, June 19, 2008 until Monday, August 18, 2008, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel has consented to this application.

    In the complaint, plaintiff alleges, *inter alia*, that on August 4, 2007, he was falsely arrested, retaliated against because of his exercise of free speech and maliciously prosecuted by members of the New York City Police Department. Plaintiffs further allege that the underlying criminal charges against them caused him to make three (3) post-arraignment court appearances, resulting in an adjournment in contemplation of dismissal ("ACD").

    There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a release for his medical records. Additionally, this office will also be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for the release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrests and/or prosecutions, including even our own police records, are sealed. Defendant cannot

obtain these records without the designation and medical release, and without the records, defendant cannot properly assess this case or respond to the complaint.

Second, the individual defendants, Mirabal and Soto, appear to have been served. However, defendant City of New York has not yet had the opportunity to confirm the validity of the purported service of these individual defendants or the opportunity to determine, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the facts of the case, whether we may represent one or both of the individual defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). An extension of time to answer will allow for defendant City of New York to have such opportunities.

No previous request for an extension has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to August 18, 2008.

Thank you for your consideration of this request.

*Granted.*
*Denise Cote*
*June 19, 2008*

Respectfully submitted,

Karl J. Ashanti (KA4547)
Assistant Corporation Counsel

cc: Wylie Stecklow, Esq. (by fax)