UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JESSE WHITE,

                                      Plaintiff,

           -against-

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE SERGEANT ROBERT MIRABAL, Shield # 02252, NEW YORK CITY POLICE OFFICER ALVIN SOTO, Shield # 25083, NEW YORK CITY POLICE OFFICERS "JOHN DOES", all of the identified and non-identified persons in their individual and in their official capacities,

                                      Defendants.

------------------------------------------------------------------- x

**ANSWER**

08 CV 5014 (DLC)(KNF)

ECF CASE

<u>Jury Trial Demanded</u>

        Defendants City of New York, Robert Mirabal and Alvin Soto by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Robert Mirabal and Alvin Soto are employed by the City of New York and are members of the New York City Police Department and deny knowledge or information sufficient to form a belief as to the truth of the allegations against New York City Police Officers "John Does."

11. Paragraph "11" of the Complaint does not set forth an averment for which a response is required.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff was arrested on August 3, 2007.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's residence at the time of the subject incident.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff was arrested on August 3, 2007 in the vicinity of Penn Station.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff disobeyed the direct orders of police while plaintiff was operating a pedicab.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that the police issued plaintiff a summons.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, except deny that plaintiff is entitled to a remedy at law and that plaintiff's rights were violated.

43. In response to the allegations set forth in paragraph "43" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. In response to the allegations set forth in paragraph "49" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. In response to the allegations set forth in paragraph "58" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. In response to the allegations set forth in paragraph "61" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68. Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70. The individual defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, plaintiff's claims may be barred by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72. Plaintiff may have failed to comply with GML § 50-e and thus any claims arising out of the laws of the State of New York may be barred.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73. There was probable cause to arrest, detain and prosecute plaintiff.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          August 18, 2008

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the
>                      City of New York
>                    Attorney for Defendants City of New York, Mirabal
>                    and Soto
>                    100 Church Street
>                    New York, New York 10007
>                    (212) 227-0414
>
>                    By: _____
>                    Karl J. Ashanti (KA 4547)
>                    Assistant Corporation Counsel
>                    Special Federal Litigation Division

To:   Wylie M. Stecklow, Esq. (By ECF and Mail)
      Law Office of Wylie M. Stecklow
      Attorneys for Plaintiff
      10 Spring Street, Suite 1
      New York, New York 10012
      (212) 566-8000

8

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **August 18, 2008**, I served the annexed **Answer** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Wylie M. Stecklow, Esq.
> Law Office of Wylie M. Stecklow
> 10 Spring Street, Suite 1
> New York, New York 10012

Dated: New York, New York
August 18, 2008

_____
Karl J. Ashanti (KA 4547)
Assistant Corporation Counsel

Index No. 08 CV 5014 (DLC)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSE WHITE,

Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE SERGEANT ROBERT MIRABAL, Shield # 02252, NEW YORK CITY POLICE OFFICER ALVIN SOTO, Shield # 25083, NEW YORK CITY POLICE OFFICERS "JOHN DOES", all of the identified and non-identified persons in their individual and in their official capacities,

Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti*
*Tel: (212) 227-0414*
*NYCLIS No. 2008-021337*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 200......*

*............................................................................ Esq.*

*Attorney for ........................................................................*